IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES, in their capacities as Trustees of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING FOR NORTHERN CALIFORNIA, <br><br>                Plaintiffs, <br><br>   v. <br><br> ADVANCED MASONRY, INC., a California Corporation,, <br><br>                Defendant. _____/ | No. C 12-01771 SI <br><br> **DEFAULT JUDGMENT** |

This matter came on for hearing on Plaintiffs' Motion for Judgment by Default against Defendant Advanced Masonry, Inc., a California Corporation ("Defendant"), on September 28, 2012. Plaintiffs The Board of Trustees, in their capacities as Trustees of the Laborers Health and Welfare Trust Fund for Northern California; Laborers Vacation-Holiday Trust Fund for Northern California; Laborers Pension Trust Fund for Northern California; and Laborers Training and Retraining Trust Fund for Northern California ("Trust Funds" or "Plaintiffs") were represented by Daniel S. Brome of Weinberg, Roger & Rosenfeld; Defendants made no appearance. Having considered the pleadings and arguments in this matter, and good cause appearing, this Court FINDS AS FOLLOWS:

1. The Complaint in this matter was filed with this Court on April 10, 2012;

2. The Complaint was served on Defendant on April 18, 2012, for which proofs of service were filed before this Court with the Summons on May 3, 2012;

3. No answer or other responsive pleadings having been filed within the time permitted by law, default was entered against the Defendant on May 24, 2012;

4. Defendant has been an employer within the meaning of section 3(5) and section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145) and an employer in an industry affecting commerce within the meaning of section 301 of the LMRA (29 U.S.C. § 185);

5. The Court finds the allegations in the Complaint on file herein are true including the fact that Defendant has been bound to a written Collective Bargaining Agreement with the Northern California District Council of Laborers, a labor organization within the meaning of LMRA §301, 29 U.S.C. §150. By virtue of becoming bound to the Collective Bargaining Agreement, Defendant became subject to all the terms and conditions of the Trust Agreements referred to in the Complaint;

6. That Defendant failed to pay delinquent contributions in the amount of $13,633.68, and liquidated damages and interest in the amount of $3,118.65;

7. That Defendant has failed, neglected or refused to submit to an audit as requested by Plaintiffs pursuant to said Collective Bargaining Agreement and Trust Agreements.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT Judgment be entered in favor of Plaintiffs and against Defendant as follows:

1. Defendant is ordered to pay $13,633.68 in principal contributions to the Trust Funds;

2. Defendant is ordered to pay $3,118.65 in liquidated damages and interest owed to the Trust Funds;

3. Defendant is ordered to submit to an audit by auditors selected by the Trust Funds at Defendant's premises during business hours, or where the records are kept, at a reasonable time or times, and to allow said auditors to examine and copy such books, records, papers, reports of Advanced Masonry, Inc., a California Corporation, relating to the time period beginning June 1, 2011 to the

present, that are relevant to the enforcement of the collective bargaining agreement or Trust Agreements, including but not limited to the following:

    Individual earning records (compensation); W-2 forms; 1096 and 1099 forms; reporting forms for all Trust Funds; State DE-3 tax reports; workers compensation insurance report; employee time cards; payroll journal; quarterly payroll tax returns (form 941); check register and supporting cash voucher; Form 1120- 1040 or partnership tax returns; general ledger - (portion relating to payroll audit);

4.     Defendant is ordered to pay attorneys' fees in the amount of $10,900.75;

5.     Defendant is ordered to pay costs in the amount of $761.63;

6.     Defendant is ordered to pay interest on any amounts found due in an amount to be determined consistent with 26 U.S.C. § 6621; and

7.     This Court shall retain jurisdiction of this matter to enforce the Order compelling an audit and payment of all amounts found due and owing under this Judgment.

**IT IS SO ORDERED AND ADJUDGED.**

Dated: October 1, 2012

                                                SUSAN ILLSTON
                                                UNITED STATES DISTRICT JUDGE